CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BOULEVARD
HAMILTON, NJ 08691
(732) 843-6600

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

NANCY RYAN,

    **Plaintiff,**

v.

NEW JERSEY TRANSIT ACCESS LINK and
THE STATE OF NEW JERSEY

    **Defendants.**

---

CIVIL ACTION NO.:

**COMPLAINT AND**
**JURY DEMAND**

The Plaintiff, Nancy Ryan, through undersigned counsel, sues Defendants, NEW JERSEY TRANSIT ACCESS LINK and THE STATE OF NEW JERSEY and alleges the following upon information and belief:

**I**

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title II, 28 USCS Section 12131 et seq, the Rehabilitation Act, 29 USCS Section 794, Section 504, and the New Jersey Law Against Discrimination (NJLAD). This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America

guaranteeing civil rights.

## II

## PARTIES

1. Plaintiff Nancy Ryan resides at 73 Village Road, City of Morganville, County of Monmouth, State of New Jersey. She is profoundly deaf/blind and communicates primarily through tactile American Sign Language.

2. Defendant, New Jersey Transit Access Link, Headquarters at 1 Penn Plaza East, City of Newark, County of Essex, State of New Jersey.

3. Defendant, State of New Jersey, is to be served through the State of New Jersey, Department of Law and Public Safety, 25 West Market Street, City of Trenton, County of Mercer, State of New Jersey.

4. The defendant acted under the color of State law during all relevant times.

## Nature of Case

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the defendant for the failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination in violation of her civil rights through Defendants' policies and practices of discrimination on the basis of disability.

This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 34:1-69.10, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act. In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

## IV.

## **FACTUAL ALLEGATIONS**

1. The Americans with Disabilities Act provides that State, County and Local Governments cannot exclude individuals with disabilities from participation in or denying them the benefits of services, programs or activities.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-4.1.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

4. Defendants are state and local entities who must provide public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. Plaintiff Nancy Ryan is a deaf and blind individual who uses Access Link for her transportation needs. Beginning on or around September 2023, plaintiff Nancy Ryan began using the services of New Jersey Transit Access Link to commute to her job in Jersey City, New Jersey. Ms. Ryan gets picked up at 5:15 am every morning at a stop in Marlboro, New Jersey on the Access Link bus route. Ms. Ryan is supposed be dropped at her work in Jersey City by 8am. At the end of her workday at 12pm, she is supposed to be picked up and brought back to her home which is supposed to be an approximately one hour bus ride. Being deaf and blind, Ms. Ryan purposely sought Access Link to be her means of transportation as the purpose of this transportation is to assist handicapped individuals. Despite this, however, Ms. Ryan has encountered numerous

communication problems that have led to longer than usual bus rides, unsafe and confusing situations, and Ms. Ryan being unable to communicate with the bus driver regarding her transportation needs. Ms. Ryan has made numerous requests for the driver to be issued a cellphone to be able to text communicate with her regarding the bus rides and any changes or disruptions during these rides which would alter her schedule unbeknownst to her. The bus driver cannot communicate with Ms. Ryan nor can Ms. Ryan communicate with the driver at all, without this reasonable accommodation. The use of the text messaging allows Ms. Ryan effective communication with the driver as her phone will translate the text message into braille. Thus she like every other passenger on the bus would have effective communication and be able to participate in and understand the transportation issues that may arise.  However, despite multiple requests and at least six complaints to Access Link, accommodations have not been made and Ms. Ryan continues to have problems with communication when using Access Link.

7. On March 4, 2024, plaintiff was picked up by Access Link. Shortly thereafter, plaintiff was told to leave the vehicle brought up to the door of the other customer's home and brought inside. Plaintiff was unaware of where she was or why she was being brought inside the home of someone she didn't know. They picked up the customer and plaintiff was then told to go back to the van and they dropped off the customer. Then the driver brought plaintiff somewhere she was unaware of and told to get out of the car. Plaintiff was aware that she was not at the right drop off point and attempted to tell the driver. Plaintiff was unable to understand what the drivers response was, but was brought to the right place finally after many confusing stops.

8. On March 11, 2024 plaintiff was picked up and brought to the wrong door of her work. Plaintiff was able to tell she was in the wrong place but was unable to communicate this to the driver who left her there. Plaintiff was forced to wait for a staff member to find her and guide her to her work desk. Plaintiff would have been able to communicate this to the driver if he had texting capabilities with her.

9. On March 20, 2024 the driver picked plaintiff up at her usual stop at 5:30 am. Plaintiff rode in the Access Link car for nearly four hours before she was dropped off over an hour late. Plaintiff was unable to communicate or understand the delay in her ride, leading to confusion and anxiety.

10. On the dates above and multiple other times, plaintiff has had no ability to communicate with her drivers. Plaintiff often experiences new drivers who are unaware of her specific routine to get to work. Plaintiff experiences longer than usual rides without knowing why and has been dropped off and driven around in places unknown to her. Plaintiff requires being able to text with drivers in order to understand and convey changes to her schedule, delays, and new drivers. Plaintiff often is called through a voice call regarding her schedule and changes which she cannot understand, and instead requires text or email, which she has repeatedly asked them to do. Plaintiff has felt unsafe with certain passengers and with new drivers whom she is unable to confirm actually work with Access Link without the proper communication. Without the aid of direct texting with the driver, plaintiff is unable to ask questions regarding day to day changes in routes, traffic, customers, and drivers and instead must sit blindly relying on a service which consistently changes leading to anxiety about her well being. Plaintiff experiences extreme confusion and anxiety on a daily basis regarding her rides to and from work without being able to communicate directly with the driver.

16. Plaintiff has been ignored, humiliated and treated like a non-person by defendants. Defendants' actions are resulting in plaintiff not being able to communicate and work in the same way as a non-disabled person.

17. Defendants' willful, knowing and intentional discrimination against plaintiff is in violation of federal and state laws and caused plaintiff to suffer and continue to suffer mental pain and anguish. This harm will continue unless this enjoined by this Court.

## VIOLATION OF STATE and FEDERAL STATUTES

18. Plaintiff repeats and reallege all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

19. Defendants' conduct is in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-1, et. seq, N.J. S.A. 34:1- 69.10 et seq., the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. Section 794, et seq.

20. Plaintiff Nancy Ryan's vision and hearing loss substantially limits her major life activities, including her ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under all of these statutes. Plaintiff meets the essential eligibility requirements for Defendant's programs, services, and activities at all times material hereto. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of each of the above-mentioned statutes.

21. Defendant violated Title II of the ADA, the NJLAD and the Rehabilitation Act in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title II of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure Plaintiff Nancy Ryan has effective communication and can communicate directly with her driver as all non-disabled customers are able to;

(c) Failed to provide auxiliary aids and services and to modify policies and procedures to prevent discrimination against Plaintiff Nancy Ryan and to ensure equal participation and benefits in programs, services and activities 28 C.F.R.§ 35.160(b)(1);

(d) Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to her disability;

(e) Denied Plaintiffs equal access and enjoyment of aids, services and benefits. 28 C.F.R.

§ 35.160(b)(2); and

(f) Utilized criteria or methods that have the effect of discriminating against persons with disabilities. 28 C.F.R.§ 35.160(b)(3).

22. Defendant has known about the violations noted herein but has failed to correct them, thereby exhibiting deliberate indifference to the rights of individuals.

23. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer emotional distress, loss of opportunity and economic damages due to Defendant's intentional violations of Title II of the ADA, the Rehabilitation Act and the NJLAD. These harms will continue unless enjoined by this Court.

**WHEREFORE**, Plaintiff prays that the court grant judgment against the defendant, jointly and severally, for the following:

[A] Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiff, Nancy Ryan, to discrimination in violation of Title II of the Americans with Disabilities Act, the Rehabilitation Act and the New Jersey Law Against Discrimination.

[B] Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiff Nancy Ryan equal access to, and benefit from, Defendant's services or which deny Plaintiff Nancy Ryan equal access; and enter a permanent injunction ordering Defendant:

1. To cease discrimination against Plaintiff and other blind and/or deaf or hard of hearing customers;

2. To promulgate and comply with policies and procedures to ensure that Defendant and their staff do not discriminate against customers who are blind and/or deaf and hard of hearing; and

3. To promulgate and comply with procedures to ensure that Defendant will provide texting capabilities for all blind and deaf customers so that they may enjoy equal access and full participation in all of the services and benefits it provides.

[C]  Award compensatory and punitive damages;

[D]  Award cost of suit to include disbursements and attorneys' fees; and

[E]  Such other and further relief as the court deems fair and equitable.

## **NOTICE OF DESIGNATION OF TRIAL COUNSEL**

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## **JURY DEMAND**

Plaintiff demands trial by jury of 6 persons.

**CLARA R. SMIT, ESQ.**
**Attorney for Plaintiff**

 **/s/ Clara R. Smit**
**CLARA R. SMIT, ESQ.**

## **CERTIFICATION**

      This is to certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated at this point.

      Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein.  To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated.  At this time, the Plaintiff knows of no other party who should be joined in this action.

        /s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: August 2, 2024